TERRITORY OF HAWAII, TO THE USE OF GARDEN ISLAND MOTORS, LIMITED, *v.* METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW. YORK.

No. 2032.

Submitted September 21, 1931.        Decided September 28, 1931.

Perry, C. J., Banks and Parsons, JJ.

110

OPINION OF THE COURT BY BANKS, J.

On July 23, 1928, the Territory of Hawaii entered into a contract with Joe Aguiar and Henry W. Kinney for the construction of a public highway on the Island of Kauai. Aguiar and Kinney agreed to furnish all the materials and labor necessary for the construction of the highway and the Territory agreed, upon satisfactory completion of the work, to pay the amount mentioned in the contract. On July 25, 1928, Aguiar and Kinney, as principals, and the Metropolitan Casualty Insurance Company, the defendant herein, as surety, executed a bond to the Territory for the faithful performance of the contract on the part of Aguiar and Kinney. One of the covenants of the bond is that Aguiar and Kinney shall promptly pay the just claims for labor and materials used in the prosecution of the work provided for in the contract. On the 8th day of December, 1930, the Territory, suing for the use of the Garden Island Motors, Limited, brought an action against the Metropolitan Casualty Insurance Company, claiming that the motors company had furnished labor and materials to Aguiar and Kinney, aggregating $3005.52, which were used in the work described in the contract, and praying judgment accordingly. The plaintiff demanded a trial by jury. The defendant objected to the impaneling of a jury on the ground that the right to a jury trial was waived by the following stipulation in the bond: "And it is hereby stipulated and agreed that suit on this bond may be brought before a court of competent jurisdiction without a jury * * * ." The objection was sustained, to which action of the court plaintiff excepted and has brought the

case here on an interlocutory bill of exceptions.

The contention of the defendant that by this stipulation the plaintiff waived its right to have the instant case considered by a jury cannot be sustained. The stipulation is merely permissive and not obligatory and left it optional with the plaintiff, in the event suit was brought on the bond, to have the case tried before the court without a jury, or with a jury. It chose to exercise its option in favor of a jury trial. If it had been stated in the stipulation that a trial by jury was waived other questions would be presented. It is unnecessary to consider these questions, the one which we have considered being sufficient to sustain the exception.

The exception is sustained and the case is remanded with instructions to the lower court to overrule the defendant's objection.

*Thompson, Beebe & Winn* for plaintiff.
*W. R. Ouderkirk* for defendant.